UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEMRE ALTARAS, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiff<br><br>-against-<br><br>JODI GIRL ENTEPRISES INC (d/b/a Tres Palms Restaurant), JODI O'DONNELL, *individually,* and DANIEL O'DONNELL *individually*,<br><br>Defendants | Case No.:<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CEMRE ALTARAS ("Plaintiff"), by and through his undersigned attorneys, Sacco & Fillas LLP, files this Complaint against Defendants, JODI GIRL ENTEPRISES INC (d/b/a Tres Palms Restaurant), JODI O'DONNELL, and DANIEL O'DONNELL (collectively, "Defendants"), located at 16 East Court, Babylon, New York, 11702, and states as follows:

## I. NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New York Labor Law § 190, et seq. ("NYLL").

2. Defendants failed to compensate Plaintiff and other non-exempt workers at the statutory minimum wage rate required by the FLSA and the NYLL for all hours worked.

3. Defendants regularly required non-exempt workers to work in excess of forty hours per week and paid them at rates that failed to compensate them for overtime pay of time and one and one half (1½) times their regular wage rate for hours worked over forty per workweek, as required by the FLSA and NYLL.

4. Defendants imposed an unlawful tip pool requiring them to pay a share of their gratuities to non-tip eligible employees/manager(s) and misappropriated gratuities owed to Plaintiff.

1

5. Defendants also failed to pay Plaintiff and other non-exempt workers spread-of-hours pay and provide them with wage notices or wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

6. Plaintiff brings this action to recover unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, misappropriated gratuities, statutory damages for violation of the WTPA, liquidated damages, pre-and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## III. PARTIES

### A. PLAINTIFF CEMRE ALTARAS

9. Plaintiff CEMRE ALTARAS is an adult resident of Suffolk County, New York.

10. Plaintiff CEMRE ALTARAS was employed by Defendants as a server, whose responsibility included taking orders, serving food to customers, and inputting orders.

11. Plaintiff CEMRE ALTARAS was employed by Defendants at Defendants' restaurant known as "Tres Palms Restaurant", located at 16 East Court, Babylon, New York 11702.

12. Plaintiff CEMRE ALTARAS was employed by Defendants from approximately June 2022, to approximately September 18, 2022.

13. Throughout his employment, CEMRE ALTARAS was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

### B. DEFENDANT JODI GIRL ENTERPRISES INC (d/b/a "Tres Palms Restaurant")

14. Defendant JODI GIRL ENTERPRISES INC (d/b/a "Tres Palms Restaurant") is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 16 East Ct, Babylon, New York 11702.

15. Defendant, JODI O'DONNELL, is the Chief Executive Officer of Defendant JODI GIRL ENTERPRISES INC (d/b/a "Tres Palms Restaurant").

16. Defendant JODI GIRL ENTERPRISES INC (d/b/a "Tres Palms Restaurant") has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. Defendant JODI GIRL ENTERPRISES INC (d/b/a "Tres Palms Restaurant") operated using the phone number "212-289-9936."

18. Defendant JODI GIRL ENTERPRIESES INC (d/b/a "Tres Palms Restaurant") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. Within the three years prior to the filing of this Complaint, JODI GIRL ENTEPRISES INC (d/b/a "Tres Palms Restaurant") had an annual gross volume of sales in excess of $500,000.

### C. DEFENDANT JODI O'DONNELL

20. Defendant, JODI O'DONNELL, is an owner, general manager, officer, director and/or managing agent of Defendant JODI GIRL ENTERPRISES INC, whose address is 73 Sequams Lane East, West Islip, New York 11796 and who participated in the day-to-day operations of Defendant JODI GIRL ENTERPRISES INC, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) as well as New York Labor Law§ 2 and the

3

Regulations thereunder, and is jointly and severally liable with Defendant JODI GIRL ENTERPRISES INC.

21.   The individual Defendant, JODI O'DONNELL exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

22.   Defendant JODI O'DONNELL is the owner of JODI GIRL ENTERPRISES INC (d/b/a "Tres Palms Restaurant").

23.   Defendant JODI O'DONNELL shares a phone number with JODI GIRL ENTERPRISES INC, 631-482-1465.

24.   Defendant JODI O'DONNELL had authority to hire Plaintiff.

25.   Defendant JODI O'DONNELL hired Plaintiff.

26.   Defendant JODI O'DONNELL supervised Plaintiff.

27.   Defendant JODI O'DONNELL fired Plaintiff.

28.   Defendant, JODI O'DONNELL, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

29.   Upon information and belief, at all times material herein, JODI O'DONNELL has established and exercised authority regarding the managerial and administrative practices at 3 Decker Restaurant. She has power over payroll decisions, including the power to retain time and/or wage records.

30. Defendant JODI O'DONNELL exercised sufficient control over the operations of JODI GIRL ENTERPRISES INC to be considered Plaintiff's and the waitstaff's employer under the FLSA and NYLL.

### D. DEFENDANT DANIEL O'DONNELL

31. Defendant DANIEL O'DONNELL, is a general manager, officer, director and/or managing agent of Tres Palms Restaurant who participated in the day-to-day operations of Tres Palms Restaurant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Defendant JODI GIRL ENTERPRISES INC.

32. Defendant DANIEL O'DONNELL is listed as the Principal on Defendant JODI GIRL ENTERPRISES INC's New York State liquor license.

33. The individual Defendant, DANIEL O'DONNEL exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

34. Defendant DANIEL O'DONNELL had authority to, and did, schedule Plaintiff's work hours.

35. Defendant DANIEL O'DONNELL had authority to, and did, pay Plaintiff his wages on a regular basis.

36. Defendant DANIEL O'DONNELL supervised Plaintiff.

37. Defendant DANIEL O'DONNELL exercised sufficient control over the operations of JODI GIRL ENTERPRISES INC to be considered Plaintiff's and the waitstaff's employer under the FLSA and NYLL.

### IV. FACTUAL ALLEGATIONS

38. From approximately June 2022 until approximately September 18, 2022, Plaintiff worked approximately six days a week from approximately 1:00 PM until approximately 12:00 AM.

39. From approximately 2014 until approximately March 16, 2020, Plaintiff was paid an hourly rate of $10 an hour, regardless of the hours worked.

40. Plaintiff was paid in cash.

41. Defendants did not pay Plaintiff at one and one-half (1½) times his regular hourly rate for hours worked above forty per week.

42. Defendants also withheld wages lawfully earned by Plaintiff.

43. By way of example, Plaintiff's 2022 W-2 suggests lesser gross earnings than Defendants' last pay stub to Plaintiff dated September 23, 2022. The paystub reflects a Gross Earnings to Date of $20,317.00 while Plaintiff's 2022 W-2 reflects $16,237.00.

44. Defendants did not furnish Plaintiff with wage notices upon hiring or whenever his rate of pay changed.

45. Defendants did not furnish Plaintiff with each wage payment an accurate wage statement that provided, inter alia, Plaintiff's true regular and overtime rates of pay and the true number of hours worked, as well as the real amount of tips received.

46. Defendants failed to properly provide notice to Plaintiff, that the Defendants were taking a "tip credit".

47. Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiff.

6

48. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

49. Defendants improperly applied a tip credit because they failed to provide lawful notice regarding the tip credit to Plaintiff and the other servers. As such, they deprived Plaintiff and the other servers of their statutory minimum wages under the FLSA and the NYLL.

50. Throughout each Plaintiff's employment, Defendants required Plaintiff to share his tips under a pooling arrangement that included non-tip-eligible individual(s), including an expeditor, who worked solely in the kitchen and was not a tipped employee.

51. By way of example, one third of Plaintiff's tips were withheld and given to expeditors.

52. Defendants did not accurately report the amount of tips Plaintiff received. By way of example, on August 26, 2022, Defendants reported that Plaintiff received $1,304.00 in tips, but in actuality, Plaintiff only received approximately $950.00 as part of the tip pool.

53. Defendants required Plaintiff to participate in an unlawful tip pool.

54. Defendants have more than eleven (11) employees.

55. Upon information and belief, at all relevant times, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

56. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

57. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

58. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## V. COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated employees including waitstaff and tipped workers who are or were employed at Tres Palms Restaurant since the date six years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

60. The FLSA Collective consists of approximately sixty similarly situated servers, bussers, and bartenders (*i.e.,* waitstaff) who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying them minimum wages, overtime wages, and other monies.

61. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia,* the following:

   a. failing to pay the FLSA Collective the statutory minimum wage for all hours worked;
   
   b. failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;
   
   c. failing to provide adequate tip credit notice to members of the FLSA Collective per the FLSA and NYLL;
   
   d. redistributing portions of the tips earned by members of the FLSA Collective to non-tipped employees; and
   
   e. failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

62. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

63. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Plaintiff and the FLSA Collective.

64. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## VI. CLASS ACTION ALLEGATIONS

65. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated workers who work or have worked for Defendant(s) within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

66. The class is so numerous that joinder of all members is impracticable because there are more than 30 members of the Rule 23 Class.

67. There are questions of law or fact common to the class including but not limited to: whether Defendant(s) violated New York Labor Law minimum wage, overtime, spread-of-hours, misappropriation of gratuities, wage notice and statement requirements.

68. The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendant(s) within the statutory period, and sustained similar types of damages as a result of Defendant(s)' failure to comply with the NYLL.

69. Plaintiff and the Rule 23 Class were all injured in that they were victims of Defendant(s)' violations of the NYLL due to Defendant(s)' common policies, practices, and patterns of conduct.

70. The named Plaintiff will fairly and adequately protect the interests of the class.

71. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

72. There is no conflict between the named Plaintiff and the Rule 23 Class members.

73. Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant(s) or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

75. Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

76. Defendant(s) acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

77. Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

### VII.  FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime

78. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

79. Defendants were required to pay Plaintiff and the FLSA Collective and Rule 23 Class one and one-half (1½) times their regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

80. Defendants have failed to pay Plaintiff and the FLSA Collective and Rule 23 Class the overtime wages to which he was entitled under the FLSA.

81. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff, the FLSA Collective, and Rule 23 Class overtime wages.

82. Due to Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### VIII.  SECOND CLAIM - New York Labor Law - Unpaid Overtime

83. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84. Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff, the FLSA Collective, and Rule 23 Class one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty.

85. Defendants have failed to pay Plaintiff, the FLSA Collective, and Rule 23 Class the overtime wages to which he was entitled under the NYLL.

86. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

87. Due to Defendants' willful violations of the NYLL, Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

IX. **THIRD CLAIM - New York Labor Law - Failure to Provide Wage Notices**

88. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

89. The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

90. Defendants failed to furnish to Plaintiff, the FLSA Collective, and Rule 23 Class whenever there was a change to their rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

91. Due to Defendants' violation of NYLL § 195(1), Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover from the Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

X. **FOURTH CLAIM - New York Labor Law - Failure to Provide Accurate Wage Statements**

92. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

93. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

94. Defendants failed to furnish to Plaintiff, the FLSA Collective, and Rule 23 Class with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

95. Due to Defendants' violation of the NYLL § 195(3), Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**XI.   FIFTH CLAIM - New York Labor Law - Spread-of-Hours Pay**

96. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

97. Defendants have willfully failed to pay Plaintiff, the FLSA Collective, and Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

98. By Defendants' failure to pay Plaintiff, the FLSA Collective, and Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

99. Due to Defendants' willful violations of the NYLL, Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**XII.    FIFTH CLAIM – Fair Labor Standards Act - Misappropriation of Gratuities**

100. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

101. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff, the FLSA Collective, and Rule 23 Class in violation of Section 3(m) of the FLSA, and the supporting Regulations.

102. Defendants required Plaintiff, the FLSA Collective, and Rule 23 Class to share a portion of the gratuities they received with employees other than bussers, servers, or similar employees, in violation of § 3(m) of the FLSA and the supporting Regulations.

103. By Defendants' knowing or intentional demand for, acceptance of, and/ or retention of a portion of the gratuities received by Plaintiff, the FLSA Collective, and Rule 23 Class, Defendants have willfully violated § 3(m) of the FLSA.

104. Due to Defendants' willful violations of the FLSA, Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**XIII.   SIXTH CLAIM - New York Labor Law - Misappropriation of Gratuities**

105. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

106. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff, the FLSA Collective, and Rule 23 Class in violation of the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

107. Defendants required Plaintiff, the FLSA Collective, and Rule 23 Class to share a portion of the gratuities they received with employees other than bussers, servers, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations, including but not limited to 12 N.Y.C.R.R. § 146-2.14.

108. By Defendants' knowing or intentional demand for, acceptance of, and/ or retention of a portion of the gratuities received by Plaintiff, the FLSA Collective, and Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

109. Due to Defendants' willful violations of the NYLL, Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**XIV.  SEVENTH CLAIM – Fair Labor Standards Act – Unpaid Minimum Wage**

110. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

111. The FLSA and NYLL require that employers pay employees a minimum wage for all weekly hours worked up to forty.

112. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

113. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to defendants.

114. Defendants failed to pay Plaintiff, the FLSA Collective, and Rule 23 Class the minimum wages to which they were entitled under the FLSA.

115. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff, the FLSA Collective, and the Rule 23 Class.

116. As a result of defendants' willful violations of the FLSA, Plaintiff, the FLSA Collective, and Rule 23 Class, suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### XV. EIGHTH CLAIM – New York Labor Law – Unpaid Minimum Wage

117. Plaintiff repeats and reallege all foregoing paragraphs as if fully set forth herein.

118. The NYLL requires that employers pay employees a minimum wage for all hours, worked weekly up to forty.

119. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiff, the FLSA Collective, and Rule 23 Class

120. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants.

121. Defendants failed to pay Plaintiffs the minimum wages to which they were entitled under the NYLL.

122. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs the minimum hourly wage.

123. As a result of defendants' violations of the NYLL, Plaintiff, the FLSA Collective, and Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and prejudgment and post-judgment interest.

### XVI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and on behalf of all other similarly situated persons, respectfully requests that this Court enter a judgment:

    a. authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the six years immediately preceding the filing of this action, up through and including the date of this Court's

    issuance of court-supervised notice, at Tres Palms Restaurant. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

d. declaring that Defendants misappropriated gratuities in violation of the FLSA, accompanying regulations to the FLSA, the NYLL and the NYDOL Regulations;

e. declaring that Defendants violated the notice and record keeping provisions of the WTPA;

f. declaring that Defendants' violations of the FLSA and NYLL were willful;

g. awarding Plaintiff, FLSA Collective, and Rule 23 Class damages for unpaid minimum and overtime wages;

h. awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit damages for spread-of-hours wages;

i. awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit damages for misappropriated gratuities;

j. awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit liquidated damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

k. awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

l. awarding Plaintiff and the non-exempt waitstaff workers who opt into this lawsuit pre-judgment interest pursuant to the NYLL;

m. awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

n. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

o. awarding such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
      May 16, 2024

Respectfully submitted,

By: _____*/s/OscarAlvarado*_____
Oscar Alvarado, Esq.,
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
OAlvarado@SaccoFillas.com

18

## DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO: JODI GIRL ENTEPRISES INC (d/b/a Tres Palms Restaurant)

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
      May 16, 2024

SACCO & FILLAS LLP

By: _____/s/ *Oscar Alvarado*_____
Oscar Alvarado, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: JODI GIRL ENTEPRISES INC (d/b/a Tres Palms Restaurant)

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of JODI GIRL ENTEPRISES INC (d/b/a Tres Palms Restaurant) for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York  
      May 16, 2024

SACCO & FILLAS LLP

By: _____/s/ *Oscar Alvarado*  
    Oscar Alvarado, Esq.  
    3119 Newtown Ave, Seventh Floor  
    Astoria, NY 11102  
    Tel: 718-269-2207  
    Fax: 718-559-6517  
    OAlvarado@SaccoFillas.com  
    *Attorneys for Plaintiffs*